## QUIMBY *vs.* ADAMS.

Where A. who had been chosen to the offices of Constable and Collector, gave *one* bond to the Town Treasurer for the faithful performance of his duties in *both* offices, in a penal sum equal to double the amount of taxes committed to him, and $200 — it was held to be a sufficient compliance with the provisions of *stat.* of 1821, *ch.* 92, requiring Constables to give bond in the sum of $200 before entering upon the performance of their duties.

It is not necessary that the bond should be approved by the Selectmen and Town Clerk *in writing*.

The provision of the statute requiring the bond to be, to secure the "faithful performance of his duties and trust as to all processes by him served and executed," was held to be substantially complied with by giving a bond conditioned to "faithfully discharge his duty *as Constable*."

THIS was an action of debt brought to recover of the defendant certain penalties imposed by statute of 1821, *ch.* 92, for serving writs and executions as Constable, without having previously given bond to the Treasurer of the town, according to the provisions of said statute.

The writ contained sixteen counts, setting forth the service of so many writs and executions, which was admitted by the defendant, who justified on the ground that he had given bond in compliance with the spirit of the requisitions of the statute. And the case was submitted upon the following agreed statement of facts.

*Adams* was legally chosen and sworn as *Constable* for the town of *Green*, on the 19th of *March*, 1832, for the year then next ensuing — and also, at the same time and for the same term, *Collector*

*of Taxes.* On the 26th day of *March*, he gave a bond with two sureties, running to the Treasurer of the town of *Green*, in the penal sum of $3200, and conditioned as follows, *viz.* " The condition of the above obligation is such, that whereas the above named *Moses Adams*, was duly chosen and appointed on the 19th day of *March*, 1832, to the office of *Collector* and *Constable* of the said town of *Green*, for the year next ensuing from said 19th day of *March*, 1832, and fully to be complete and ended. Now if the said *Moses Adams* shall faithfully discharge his duty, as *Collector of Taxes* and as *Constable as aforesaid*, and all agreeable to the true intent and meaning of the above obligation, then this obligation is to be void, otherwise remain in full force and virtue."

[The Selectmen and Town Clerk, on being called by consent of parties, stated, that soon after the town-meeting, and before any writs or executions were served by the defendant, they approved of the sureties in said bond.]

It was further agreed that the amount of tax bills committed to *Adams* for collection, for the year 1832, was $1478,10.

If the Court should be of opinion that the penalties had been incurred, the defendant was to be defaulted, otherwise, the plaintiff was to be become nonsuit, and the defendant to have his costs.

*A. Belcher*, for the plaintiff, contended that the bond given by the defendant was insufficient, because :

1. It was not approved *in writing* by the Selectmen and Town Clerk. The proof should appear on the *record* and not by *parol*.

2. Because it unites the obligations of Constable and Collector. There should have been two separate bonds. Their duties are different, and are to be enforced under different penalties.

3. It is insufficient and defective, because it does not secure persons injured by his defaults as Constable. There can be no statute remedy on a bond unless it conform to the provisions of the statute. *Day* v. *Everett*, 7 *Mass.* 145 ; *Clapp* v. *Coffran*, 7 *Mass.* 98.

*Allen*, for the defendant, cited 5 *Dane's Abr.* 243 ; *Bartlett* v. *Martin*, 5 *Greenl.* 76 ; *Apthorpe* v. *North*, 14 *Mass.* 167.

The opinion of the Court was delivered by

MELLEN C. J. — This action is founded on the 9th *section* of *ch.* 92 of the revised statutes. The provision relied on is in these words. " That every Constable, after being chosen, and before he serve any writ or proceed to collect any execution, shall give to the Treasurer of his town a bond in the sum of two hundred dollars, with two sureties, sufficient in the opinion of the Selectmen and Town Clerk, for the faithful performance of his duties and trust, as to all processes by him served and executed."

*Adams* was chosen both Collector and Constable of the town of *Green, March* 19, 1832, for one year : and he was duly sworn as Constable, and on the 26th of the same month, gave the bond of which a copy forms part of the report. The *first* objection to it is, that it is not in conformity to the provision of the above section, either as to the amount of the penalty or the terms of the condition. It would have been more correct had the bond related simply to the character and duties of the defendant as a Constable ; but as the penalty is more than double the amount of the taxes assessed for that year, and two hundred dollars besides, we cannot consider the bond void on that account. If the bond had been too small, that fact might constitute a good objection. But the penalty is more than sufficient to secure the rights of all concerned, or who could have an interest in it. The *second* objection is, that the condition in its language, varies from the language of the statute ; but the question is, whether the variance is of any importance. Independent of the power given by our statute to Constables to serve writs and executions in certain cases and to a certain amount, they are mere peace officers. They have now both kinds of power. The condition is, that the " said *Moses Adams* shall faithfully *discharge his duty* (as collector of taxes and) as Constable as aforesaid, and all agreeable to the true intent and meaning of the above obligation." We may, in considering the condition, reject as surplusage, so much of it as is included in brackets ; it is then that he shall faithfully discharge *his duty* as Constable ; which means his whole duty, which certainly includes his duty respecting *all legal processes :* though those words are not stated in the condition ; the language, as used, is tantamount to the language of the act. The *third* objection is, that the bond was never

approved by the Selectmen and Town clerk, prior to the service of the writs mentioned in the statement of facts, which was in *May.* The law only requires their official approval of the sufficiency of the sureties ; but it does not require that it should be in writing. The objection is not sustained by fact ; for, to save the trouble of a new trial, the Selectmen and Town clerk have all appeared before the Court and testified that soon after the meeting, and some time before any of the writs were served by *Adams,* they all officially approved of the sureties. Under these circumstances, surely such a penal action as this cannot be sustained.

*The plaintiff must be called.*